

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-6246
Re: Authority of Board of
Regents of the University
of Texas to enter into a
five year contract with a
fire insurance company for
the purpose of insuring the
Law Building and its con-
tents against the loss by
fire and to pay for the en-
tire premium out of the cur-
rent appropriations.

We are in receipt of your letter of September 29,
1944, requesting the opinion of this department on the above
stated matter. We quote from your letter as follows:

"Is the Board of Regents of The University of
Texas authorized to enter into a contract with a
fire insurance company for the purpose of insuring
the Law Building on the campus of The University
of Texas, and its contents, against the loss by
fire, for a period of five years commencing Feb-
ruary 9, 1944, and expiring February 9, 1949, and
paying for the entire premium out of the current
appropriation?"

That it is the policy of the State that all build-
ings and contents belonging to The University of Texas shall be
kept insured at all times against loss by fire or tornadoes is
expressed in Senate Concurrent Resolution No. 3, passed in the
Second Called Session of the 37th Legislature, 1921. The first
part of this resolution declares a policy that the State shall
carry its own insurance upon State buildings and contents, and
that no insurance policies should be taken out upon any of the
public buildings or the contents. The State Board of Control

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

and all other Boards having charge of the buildings of the State, and their contents, were instructed not to have such buildings nor property insured, notwithstanding there may be items in the appropriation bills authorizing the expend-iture of money for the payment of insurance premiums. How-ever, the last part of the resolution makes an exception of The University of Texas, and said resolution, with reference to The University of Texas, reads as follows:

"Provided, however, that this resolution, or any part of its provisions shall not apply to or affect The University of Texas, and its branches, and that it is a fixed policy of the State that all buildings and the contents thereof belonging to The University of Texas, and its branches, shall be kept insured at all times against any loss by fire or tornadoes." (Underscoring ours.)

While this Resolution does not have the effect of a general law, yet it does have the effect of a law upon the particular subject about which the Resolution is made, so long as that particular thing or condition exists or until such resolution is otherwise revoked by the Legislature. There has been no subsequent declaration of policy by the Legislature, so the matter of the Board of Regents of The University of Texas taking out insurance on the buildings and contents of The University of Texas is in obedience to a legislative directive.

Section 6, Article 8, of the Constitution of Texas, provides, in part:

"No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years, . . . . . ."

Section 49, Article 3, of the Constitution of Texas, provides in part:

"No debt shall be created by or on behalf of the State, except . . . . " (exception not applicable to this inquiry).

Two leading cases in which the Supreme Court of this State decided questions pertinent to this inquiry are the cases of Charles Scribner's Sons v. Marrs (114 Tex. 11;

Honorable George H. Sheppard - Page 3

262 S. W. 722) and Fort Worth Cavalry Club v. Sheppard ( 125 Tex. 339; 83 S. W. (2d) 660). In each of these cases the court had before it the question of a contract by an agency of the State for a term of five years.

In the case of Charles Scribner's Sons v. Marrs (Supra), the fact situation was that the State Board of Education had entered into a contract for the purchase of certain books for a period of five years in pursuance of a statute authorizing said Board, subject to certain limitations, to enter into contracts for furnishing textbooks not to exceed a six year period. In this case, the Supreme Court held that the contract was not in violation of the constitutional limitation that no appropriation of money shall be made for a term longer than two years, because the contract, under its terms, was not one which created an obligation for payment beyond the two-year appropriation period, and that the contract did not require an appropriation for a term longer than two years. The court further held that an obligation against the State that runs currently with the revenue is not a "debt" within the meaning of Section 49, Article 3 of the Constitution of Texas.

In this case, the court said, in part:

"The obligation of the contract is not to buy a fixed number or amount of books, but only so many as are needed by the schools of the State. Liability is fixed only on such amounts as are requisitioned by the trustees of the schools . . . .

"No quantity is stipulated and no promise to pay, only an agreement to use the books in the schools . . . . The obligation to pay arises only upon the purchase and delivery of books for the year needed, and according to the purchase. The books so furnished and so purchased during any year do not make a charge on the future resources of the State, but are paid for each year as the purchases are made.

"It logically follows that the contract is not repugnant to that part of Sec. 6, Art. 8 of the Constitution which provides: 'Nor shall any appropriation of money be made for a longer term than two years.'"

In the case of Fort Worth Cavalry Club v. Sheppard (supra), the Supreme Court held that a contract whereby the Adjutant General attempted to bind the State on lease of a building for a National Guard Armory, with payments to be made in annual installments over a period of five years, was void. The Court held that the contract was not authorized by statute, and that under the existing statutes pertaining to the Adjutant General's Department, the Adjutant General had the implied power to make a contract within the limits of the amount of the appropriation and the period of the appropriation.

From a reading of the foregoing cases, it appears that a contract would be a valid one if a contract of its nature had been authorized by law, and under its terms created no liability against the State beyond the two-year term of the appropriation. In applying these principles to the power of the Board of Regents to contract with reference to insurance on the buildings of the University, we find that the liability for payment does not extend beyond the term of the current appropriation, and we further find an express legislative directive, in no uncertain language, that insurance shall be carried on all of the buildings and contents of The University of Texas. In S. C. R. No. 3, 37th Leg., 2nd Called Session (supra), the legislature, as a general policy, directed that Boards and governing bodies charged with the responsibility of all State buildings shall not take out insurance on said buildings, and, in that same Resolution, made of the University of Texas, the sole exception to that general policy when it directed that insurance shall be carried on all buildings and contents of the University of Texas. That the Board of Regents of Texas University, acting under authority of and in obedience to that express directive, had sufficient authority to provide for insurance under a reasonable contract in line with customary and established good business practices in insuring buildings of that nature, can be reasonably implied from the language of the Resolution.

It is a matter of common knowledge that a five-year fire insurance policy is far more economical than insuring for a year or two years at a time. It is a matter of common knowledge that it is customary practice on the part of those

Honorable George H. Sheppard, Page 5

charged with the responsibility for a sizeable investment in buildings to take out fire insurance for a term longer than two years; in fact, a five year policy is quite common, and it is recognized as a good business practice.

The limitation that no appropriation of money shall be made for a term longer than two years does not imply a limitation on the power to make a contract for a greater time, where the contract does not require an appropriation beyond the two year period (38 Texas Jurisprudence, p. 845). With reference to the insurance contract on the University Law Building, it is clear that no liability is created against the State beyond the two year appropriation.

In the case of Scribner's Sons v. Marrs, (Supra), the court said, in part:

"The power to contract is an important subject. While making limitations on other subjects of equal importance, the Constitution made none on the power to contract, except as to the creation of "debt". It would seem, if other limitation on the power to contract was intended, it would have been expressed.

"The fact that the official term of office is commonly two years, together with the limitation that appropriation shall not be made for a longer term than two years, is argued as indicating a general public policy, and that in keeping with same this limitation of two years should be implied on the term of contracts.

"Those provisions of government do fix the public policy with regard to them , but it cannot be held that the limitation that no appropriation of money shall be made for a longer term than two years is by implication a limitation upon a contract that does not require an appropriation to be made for a longer term than two years.

"Both subjects, appropriations and contracts, are of such importance, and each so common and so essential to the administration of the government, that it is reasonable to presume that if it had been

the purpose of the makers of the Constitution to prohibit the making of contracts that would extend over a period of more than two years, they would have made that purpose plain by direct reference to that important subject."

The Legislature has, time and time again, appropriated funds for buildings, improvements and supplies of all kinds, which lasted as investments of the State for beyond the term of that particular two-year appropriation. Appropriations have never been limited to those items where the benefits created by the appropriation would be exhausted by the end of the term of the two-year appropriation period. From an analysis of the cases herein cited, it appears that the two year limitation upon the power to contract has reference to the term of the obligation created against the State by such contract, rather than to the period of time for which the benefits of the contract may extend in favor of the State.

The State of Texas has made large investments in University buildings. The Legislature has directed that fire insurance shall be carried on all University buildings. A five year fire insurance policy is a reasonable one, and such a policy is consistent with recognized and established business practices with reference to insuring buildings of that type. The contract for insurance does not create a liability against the State which extends beyond the term of the appropriation. In the absence of a statute prohibiting such a contract, it is reasonable to assume that the Board of Regents of The University of Texas had the implied authority to enter a reasonable contract for the insuring of the Law Building of Texas University.

It is generally held that the governing body of a college or university may make such contracts as are within the limits of the authority conferred upon it by charter or statute and ordinarily has implied power to do those things necessary and convenient to accomplish the object of the institution and not prohibited by law. (14 Corpus Juris Secundum, Section 18, p. 1351, 1352.)

Honorable George H. Sheppard, Page 7

It is therefore the opinion of this department that the Board of Regents of The University of Texas was authorized to enter into a five year contract for fire insurance on the Law Building of The University of Texas, together with its contents, and to pay all of the premium from the current appropriation, provided there is an appropriation for that purpose.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      J. A. Ellis
             Assistant

JAE:zd

APPROVED OCT 27 1944

FIRST ASSISTANT
ATTORNEY GENERAL

A.W.


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN